15-824-cv
Zech Capital LLC v. Ernst & Young Hua Ming

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
    REENA RAGGI,
    CHRISTOPHER F. DRONEY,
     *Circuit Judges.*

-----------------------------------------------------------------------

ZECH CAPITAL LLC,
     *Plaintiff-Appellant*,

BHUSHAN ATHALE, individually and on behalf of all others similarly situated,
     *Plaintiff*,

JACK CRAYDER, JOHN YOUNG, ROGER GUSTAFSON, GERMMAINE HEIN-GUSTAFSON, on behalf of themselves and all others similarly situated,
     *Consolidated Plaintiffs,*

     v.
                No. 15-824-cv

ERNST & YOUNG HUA MING,
     *Consolidated*
     *Defendant-Appellee*,

1

SINOTECH ENERGY LIMITED, GOUQIANG XIN, BOXUN ZHANG, QINGZENG LIU, XIAOXUAN BI, HEQING YAO, JING LIU, UBS AG, CITIGROUP GLOBAL MARKETS INC., LAZARD CAPITAL MARKETS LLC,

*Defendants,*

GUOQIANG XIN, DONALD J. PUGLISI, UBS SECURITIES LLC, GRANT THORNTON, AKA JBPB & Co., GRANT THORNTON HK, AKA JBPB & Co.,

*Consolidated Defendants.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:  DOUGLAS WILENS, Robbins Geller Rudman & Dowd LLP, Boca Raton, Florida (Samuel H. Rudman, David A. Rosenfeld, Christopher M. Barrett, Robbins Geller Rudman & Dowd LLP, Melville, New York; Robert B. Weiser, Brett D. Stecker, Jeffrey J. Ciarlanto, Joseph M. Profy, The Weiser Law Firm, P.C., Berwyn, Pennsylvania, *on the brief*).

APPEARING FOR APPELLEE:  ROBERT LOEB (Richard A. Martin, Robert G. Cohen, and Daniel A. Rubens, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 17, 2015, AFFIRMED.

Plaintiff Zech Capital, LLC ("Zech") sued defendant Ernst & Young Hua Ming ("EYHM") for violations of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), see 15 U.S.C. §§ 78j(b), 78t(a)–(b), and Securities and Exchange Commission

2

("SEC") Rule 10b-5, see 17 C.F.R. § 240.10b-5, which plaintiff alleges were committed in connection with EYHM's audit of SinoTech Energy Limited ("SinoTech"). Plaintiff now appeals the dismissal of its third amended complaint ("TAC") for failure adequately to allege scienter. See Athale v. SinoTech Energy Ltd., No. 11 Civ. 5831 (AJN) (S.D.N.Y. Jan. 23, 2015). We review a judgment of dismissal de novo, "accepting all factual allegations in the complaint as true." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 796 (2d Cir. 2014). In so doing, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To survive dismissal, a securities fraud complaint must allege with particularity both the circumstances constituting fraud and the defendant's fraudulent intent. See 15 U.S.C. § 78u-4(b); Fed. R. Civ. P. 9(b); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313 (2007). To satisfy the latter scienter requirement, a complaint must, "'with respect to each act or omission alleged to [constitute securities fraud], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007) (quoting 15 U.S.C. § 78u-4(b)(2)). That strong inference must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged," considered as a whole. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 323−24. The inference may arise from "strong circumstantial evidence of conscious misbehavior or

3

recklessness." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d at 99. But this does not equate merely to a heightened form of negligence; rather, the plaintiff must allege "an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." Rothman v. Gregor, 220 F.3d 81, 90 (2d Cir. 2000) (internal quotation marks and ellipsis omitted).[1]

The standard for scienter is especially demanding where, as here, the defendant is an independent auditor. To state a claim against a non-fiduciary auditor, a plaintiff must allege with particularity conduct "approximat[ing] an actual intent to aid in the fraud being perpetrated by the audited company," In re Advanced Battery Techs., Inc., 781 F.3d 638, 644 (2d Cir. 2015) (internal quotation marks omitted), such as "conduct[ing] an audit so deficient as to amount to no audit at all, or disregard[ing] signs of fraud so obvious that the defendant must have been aware of them," id.

Plaintiff argues that it carried this pleading burden here by alleging that despite EYHM's awareness of the weaknesses in SinoTech's internal controls in auditing SinoTech's 2010 Financial Statement, EYHM "failed to employ even the most basic auditing proceedings" to substantiate SinoTech's claimed asset valuation, accounts receivable from two of its subcontractors, or business relationships with its import agent

---

[1] The inference can also arise from alleged facts showing that defendant "had both motive and opportunity to commit the fraud," ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d at 99, but plaintiff does not here argue that theory and, thus, we do not discuss it further.

4

and chemical supplier. TAC ¶ 100. Plaintiff contends that if EYHM had "conducted any audit at all, it would have learned, in very short order (if it did not already know) that a high percentage of SinoTech's assets and revenues reported in the 2010 Financial Statements were completely fictitious." Id. ¶ 102.

Insofar as plaintiff thus charges EYHM with violating generally accepted accounting principles ("GAAP") or generally accepted auditing standards ("GAAS"), this court has already concluded that "allegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim." Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir. 2000). Such allegations must be "coupled with evidence of corresponding fraudulent intent" to admit a strong inference of scienter. Id. (internal quotation marks omitted). To the extent disregarded "red flags" can satisfy that requirement, see Stephenson v. PricewaterhouseCoopers, LLP, 768 F. Supp. 2d 562, 573 (S.D.N.Y. 2011) ("Allegations of 'red flags,' when coupled with allegations of GAAP and GAAS violations, are sufficient to support a strong inference of scienter." (internal quotation marks and alteration omitted)), aff'd, 482 F. App'x 618 (2d Cir. 2012) (summary order); see also In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 279–81 (3d Cir. 2006) (concluding that plaintiff adequately raised strong inference of scienter by alleging GAAS violations and thirty indicators of fraud ignored in audit), Zech points to no such "red flags" here. While it alleges EYHM's knowledge of "material weaknesses" in SinoTech's internal controls, Zech does not explain with particularity how that "would

5

place a reasonable auditor on notice that the audited company was engaged in wrongdoing to the detriment of its investors," Stephenson v. PricewaterhouseCoopers, LLP, 768 F. Supp. 2d at 573; see In re Advanced Battery Techs., Inc., 781 F.3d at 645−46, or how EYHM's failure to modify its auditing practices in light of SinoTech's weaknesses was highly unreasonable conduct that went beyond negligence.

Nowhere does Zech allege that, in conducting its audit, EYHM ignored "obvious signs of fraud" or "failed to review or check information that [it] had a duty to monitor." Novak v. Kasaks, 216 F.3d at 308.   And, apart from noting the size of particular valuations and claimed account receivables, plaintiff alleges no facts indicating EYHM's awareness that any particular transaction was suspicious, such that its failure to investigate effectively turned a blind eye to fraud.  See Chill v. General Elec. Co., 101 F.3d 263, 270 (2d Cir. 1996) ("The fact that [defendant] did not automatically equate record profits with misconduct cannot be said to be reckless."); see also Iowa Pub. Emp.'s Ret. Sys. v. Deloitte & Touche LLP, 919 F. Supp. 2d 321, 332 (S.D.N.Y. 2013) (concluding that if auditor is not aware of facts indicating that transaction was suspicious or fraudulent, auditor's failure to investigate, "even if negligent," does not provide basis for fraud claim).

Plaintiff's emphasis on the scope and significance of EYHM's deviations from standard accounting practices warrants no different conclusion because, in the end, its argument is that (1) if EYHM had conducted its audit according to accepted practices, it would have uncovered SinoTech's fraud; (2) EYHM did not uncover the fraud; thus, (3)

6

EYHM's audit was not sufficient. The issue, however, is not the sufficiency of EYHM's audit, but its intent in conducting the audit. Zech's pleadings fail to allege facts admitting a strong inference that EYHM's particular auditing procedures were reckless and not merely highly negligent. See In re Advanced Battery Techs., Inc., 781 F.3d at 646. This court has rejected similar attempts to establish scienter through hindsight evaluations of a defendant's conduct. See Novak v. Kasaks, 216 F.3d at 309 (explaining "important limitations" on liability for reckless conduct, including prohibition against allegations of "fraud by hindsight"); Stevelman v. Alias Research Inc., 174 F.3d 79, 85 (2d Cir. 1999) (rejecting as "fraud by hindsight" argument that "[m]anagement's optimism that is shown only after the fact to have been unwarranted" can be strong circumstantial evidence of recklessness); Denny v. Barber, 576 F.2d 465, 470 (2d Cir. 1978) (affirming dismissal of complaint because it merely alleged "fraud by hindsight" and nowhere alleged "with the required particularity" that, when defendants issued statement, they had "perceptions or were reckless in not having [perceptions]" about specific transactions). The pleadings here warrant no different outcome.

That conclusion is reinforced by the "inherently comparative" nature of the scienter inquiry here, which does not require a court to draw all inferences in plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 323. Rather, we must "take into account plausible opposing inferences" and consider "nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." Id.

at 323−24.  When all permissible inferences are considered here, Zech's theory of recklessness is less compelling than the opposing logical inference of EYHM's negligence.

In sum, we conclude, as the district court did, that the circumstantial evidence alleged in the TAC, taken collectively, does not admit a strong inference that EYHM was complicit in SinoTech's fraud or that it recklessly conducted its audit so as to admit an inference that it knew or must have been aware of the fraud.   See Rothman v. Gregor, 220 F.3d at 90.   Accordingly, the TAC was correctly dismissed for failure adequately to plead scienter.

We have considered plaintiff's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8